# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| Earl Wilson, | ) | |
| | ) | |
| Plaintiff, | ) | No. 19 C 6742 |
| | ) | |
| v. | ) | |
| | ) | Judge Mary Rowland |
| Officer Gunnishing, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Now comes Defendant, Officer Gunnishing, by his attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State's Attorney, Bianca Brown, and answers Plaintiff's Amended Complaint as follows:

1. On 9-20-18 around 6:30 p.m. I was on the phone talking to my son when a detainee told me that a belligerent detainee (Michael Lewis) was at the door with another detainee named Nikita Young standing in the door entrance with Officer Gunnishing and right in front of this.

   **ANSWER: Deny.**

2. Officer Gunnishing told me to come to the door.

   **ANSWER: Deny.**

3. I refused and Michael Lewis said they was going to fuck me up if I didn't come to the door in front of Officer Gunnishing I could hear the threat clearly due to the belligerent manner and could see Officer Gunnishing allowing both detainees to enter the tier unauthorized as both detainees was housed on a tier over on 3-F and this was 3-G.

   **ANSWER: Deny.**

4. Once Ofc. Gunnishing allowed both detainees to approach me even though he heard the threats, observed the two detainees belligerent state of minds/combatant posture (Gaits)

**ANSWER: Deny.**

5. I jumped out of the chair and Mike asked me what up in challenging menacing demeanor and I told him get the fuck away from me as I felt threatened then I was attacked mobbed and pummeled by these two detainees as I tried to fight my attackers off,

**ANSWER: Deny.**

6. This attack authorized by Ofc. Gunnishing resulted to me suffering a variety of physical injuries, a jailhouse shank was also recovered from the result of these two attacks.

**ANSWER: Deny.**

Count #1 Deliberate Indifference

7. C/O Gunnishing heard these two detainees speaking aggressively, belligerent posture/state of mind but, more importantly bare witness and disregarded the threat to harm me if I didn't come to the door, C/O Gunnishing actions are precisely the basis of a culpable state of mind. C/O Gunnishing might as well had committed the onslaught himself.

**ANSWER: Deny.**

Count #2 Reckless Indifference

8. C/O Gunnishing held these two detainees at the door initially because he already knew they was not on his tier but still he allowed these two hoodlums to bypass him and enter the tier unauthorized to cause havoc….

**ANSWER: Deny.**

14th Amendment Violation

9. I am a pretrial detainee afforded safeguards from any form of malicious

punishment wholly or even in the smallest context, though I am not a prisoner governed by the 8th Amendment this C/O culpable state of mind subjected me to cruel/unusual punishment at the very least and punishment (maliciously) is prohibited and this Officer Gunnishing response is not in accordance with any reasonable Cook County Officer.

**ANSWER: Deny.**

10. Damages suffered after threats made to harm me in the presence of Ofc. Gunnishing once he allowed the attack to occur…

    A. Deeply cut lip

    B. Front tooth chipped (almost entirely)

    C. Loose several teeth

    D. Eye socket fractured

    E. Blurry on going vision

    F. Herninated Disc 4th vertebrate

**ANSWER: Deny.**

Count #3 Failure to Protect

11. C/O Gunnishing was literally 1st in the doorway with both belligerent detainees, heard the threat harm me but, failed to take appropriate steps to secure me from a known danger as the threat was made right in his face then C/O Gunnishing allowed these two aggressors to enter the tier and did nothing to protect me from these two guys.

**ANSWER: Deny.**

**AFFIRMATIVE DEFENSES**

Further answering Plaintiff's complaint, Defendants allege the following separate affirmative defenses against Plaintiff.

1. Under Section 1997e(a) of the Prisoner Litigation Reform Act, plaintiff must exhaust his administrative remedies before filing a Section 1983 lawsuit for damages.

2. Plaintiff has not exhausted his administrative remedies.

3. It is not clear whether Plaintiff has filed claims against defendant in his individual or official capacity. To the extent that Plaintiff's claims are against defendants in their individual capacities, Defendants Gunnishing did not cause the deprivation of any constitutional rights of Plaintiff.

4. The conduct of Gunnishing was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights.

5. Accordingly, Gunnishing is entitled to the defense of qualified immunity.

6. Defendant's conduct was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional Rights. Accordingly, Defendant is entitled to the defense of qualified immunity.

7. To the extent that Plaintiff seeks punitive damages in this action, local governments are immune from punitive damages liability under § 1983. See *City of Newport v. Fact Concerts*, 453 U.S. 247 (1981). Therefore, to the extent the Defendant is named in his official capacity, Defendant is immune from having to pay punitive damages to Plaintiff.

8. To the extent Plaintiff is making any claims under Illinois law, Defendant is immune from Plaintiff's claims under 745 ILCS 10/2-204 of the Illinois Tort Immunity Act which provides as follows: "Except as otherwise provided by statute, a public employee, as such and acting within the scope of his employment, is not liable for any injury caused by the act or omission of another person."

9. Defendant reserves the right to assert other affirmative defenses as they become

known through further discovery or otherwise in this action.

## JURY DEMAND

With regard to any issue that may be appropriately heard by a jury, Defendant Gunnishing hereby demands a trial by jury.

WHEREFORE, based on the foregoing, Defendant Gunnishing deny that Plaintiff is entitled to any relief, including but not limited to, damages, costs and attorney's fees. Defendant prays that this Court grant judgment in favor of the Defendant and against the Plaintiff on all counts, and further requests that this Court grant judgment in favor of the Defendant and against the Plaintiff for costs, attorneys' fees and such other relief that this Court deems just and appropriate.

Respectfully Submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

By:   /s/ Bianca Brown
Bianca Brown
Assistant State's Attorney 500 Richard J. Daley Center Chicago, IL 60602
(312) 603-6638
Bianca.brown@cookcountyil.gov